1   UNITED STATES DISTRICT COURT
2   FOR THE DISTRICT OF MASSACHUSETTS

3
4   CIVIL ACTION   NO. 12-10190-RGS

5
6   RIMOWA GMBH

7
8   v.

9
10   HEYS (USA), INC.

11
12
13   MEMORANDUM AND ORDER ON
14   DEFENDANT'S MOTION TO TRANSFER

15
16   July 27, 2012

17
18   STEARNS, D.J.

19

20   This trademark action was filed by plaintiff Rimowa GmbH in the

21   District of Massachusetts on February 1, 2012.[1]   On June 12, 2012,

22   defendant Heys (USA), Inc., moved on venue grounds to transfer the case

23   to the Southern District of Florida.   Rimowa opposes the motion.

24                                    BACKGROUND

---

[1] The Complaint asserts claims of: (1) trademark infringement and false designation of origin under the Lanham Act; (2) trade dress infringement under the Lanham Act; (3) common law trademark and trade dress infringement; (4) dilution of trademarks under 15 U.S.C. §1125(c); and (5) common-law unfair competition.

1    Rimowa is a German corporation with its principal place of business

2    in Cologne, Germany.  Rimowa manufactures and distributes a popular line

3    of luggage, including traveling cases and suitcases, trunks, and briefcases.

4    Compl. ¶ 2.  Heys is a Delaware corporation with its principal place of

5    business in Weston, Florida.  Heys manufactures and distributes essentially

6    the same luggage products.  *Id*. ¶ 3.

7    Rimowa uses a horizontal banding design to give its luggage a notable

8    appearance.  *Id*. ¶ 10.  Rimowa believes that the trade dress of its luggage

9    is distinctive because of the banding and the "placement and appearance of

10   rollers and roller housing, handles and trolley bars, locks, and corner

11   protectors or outlined corner protectors."  *Id*. ¶ 13.  Rimowa owns United

12   States Patent and Trademark Office registration numbers 3,949,886

13   (registered April 26, 2011) and 2,583,912 (registered June 18, 2002),

14   claiming the horizontal bands on certain pieces of luggage as a proprietary

15   mark.  *Id*. ¶ 15.  Rimowa alleges that in the spring of 2011, Heys began

16   copying its mark on its Centum line of luggage, which it sells in

17   competition with Rimowa, thereby sowing consumer confusion between the

1    two product lines.  *Id*. ¶¶ 38-41.

2        In defending its decision to file suit in Massachusetts, Rimowa

3    essentially iterates the wording of the statute.  "Venue is proper in this

4    District pursuant to 28 U.S.C. 1391(b), (c), and (d) and 1400(a) because a

5    substantial part of the acts of infringement and unfair competition which

6    give rise to Rimowa's claims occurred in this district and victims of the

7    infringing activities may be found in this district." Compl. ¶ 7.

8                                        DISCUSSION
9
10        Section 1404(a) of Title 28 of the United States Code provides that

11    "[f]or the convenience of parties and witnesses, in the interest of justice, a

12    district court may transfer any civil action to any other district or division

13    where it might have been brought or to any district or division to which all

14    parties have consented."  "Section 1404(a) is intended to place discretion

15    in the district court to adjudicate motions for transfer according to 'an

16    individualized, case-by-case consideration of convenience and fairness.'"

17    *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), quoting *Van*

18    *Dusen v. Barrack*, 376 U.S. 612, 622 (1964).     There is a strong

1  presumption in favor of a plaintiff's choice of the litigating forum. *Gulf Oil*

2  *Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The burden of proving that a

3  transfer is warranted consequently rests with the defendant. *Berrigan v.*

4  *Greyhound Lines, Inc.*, 560 F. Supp. 165, 169 (D. Mass. 1982), *aff'd*, 782

5  F.2d 295 (1st Cir. 1986).

6    In exercising discretion, a district court is directed to take a number

7  of factors into account in addition to the plaintiff's choice of a forum.

8  These "include the convenience of the parties and the witnesses, the

9  availability of documents, the possibilities of consolidation and

10  coordination, and the interests of justice." *Princess House, Inc. v. Lindsey*,

11  136 F.R.D. 16, 18 (D. Mass. 1991) (citations omitted). Of these additional

12  factors, the convenience of witnesses is the one most often weighed and is

13  "[p]robably the most important factor." *Brant Point Corp. v. Poetzsch*, 671

14  F. Supp. 2, 3 (D. Mass. 1987). The court must consider the number of

15  witnesses located in both the transferor and putative transferee districts, the

16  nature and quality of the testimony of these witnesses, and whether or not

17  the witnesses can be compelled to testify. *Id*. at 3-4 (citations omitted).

1    While neither party has as yet (understandably) produced a list of

2    witnesses, Rimowa states that it chose Massachusetts because Boston

3    provides an easily accessible crossroads for its out-of-state witnesses who,

4    for the most part, will be traveling from Canada and Germany.[2]  Heys

5    counters that its witness are almost all based in Florida and that it has no

6    plans to call any witnesses who are located in Massachusetts.  On balance,

7    the issue of witness convenience leans slightly towards Rimowa (being

8    some 2,000 miles further from Boston), while the issue of party

9    convenience favors Heys as Florida is its home turf.[3]

---

[2] Rimowa's North American subsidiary is based in Canada, while Lufthansa flies directly from Munich and Frankfurt to Logan Airport.

[3] I do not consider the issue of document availability of any particular significance given the tools of modern discovery practice.  (As Rimowa notes: "[A]s is well recognized, most documents and records are now in electronic form such that the geographic location is irrelevant."  Pl. Mem. at 9).  I have also given little weight to the issue of "consolidation and coordination."  Although Rimowa cites the fact that it has previously filed a similar trademark action in this court against another defendant, that lawsuit, *Rimowa GMBH v. Zero Halliburton, Inc.* (Civil Action No. 11-cv-11643-DPW), has been resolved.  Finally, the "interest of justice" are little implicated in what at bottom is a run-of-the-mill trademark dispute between two large commercial entities that are fully able to fend for

1    All things otherwise being equal, the court will turn to Rimowa's

2    choice of Massachusetts as a forum as the tiebreaker. *See Sigros v. Walt*

3    *Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass 2001) ("The

4    presumption in favor of a plaintiff's choice of forum renders transfer

5    inappropriate where its effect is merely to shift the inconvenience from one

6    party to another.").

7                                    ORDER

8        For the foregoing reasons, Heys' motion to transfer venue to the

9    Southern District of Florida is <u>DENIED</u>.

10                                        SO ORDERED.
11
12                                        /s/ Richard G. Stearns
13                                        _____
14                                        UNITED STATES DISTRICT JUDGE
15
16
17

_____

themselves.